# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**TRENESSIA JOHNSON**                                          **CIVIL ACTION NO.**

**VERSUS**                                                                  **24-809-BAJ-EWD**

**PELICAN STATE CREDIT UNION**

### NOTICE

      Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

      In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

      ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

      Signed in Baton Rouge, Louisiana, on August 22, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRENESSIA JOHNSON                                    CIVIL ACTION NO.

VERSUS                                               24-809-BAJ-EWD

PELICAN STATE CREDIT UNION

## MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court are two motions, filed by Trenessia Johnson ("Plaintiff"): 1) a "Motion to Dismiss Amended Answer, Counterclaim, and Request for Summary Judgment,"[1] ("Motion to Dismiss/Request for Summary Judgment") and 2) a "Motion to Leave and Amend Motion to Dismiss Amended Answer/Counterclaim/and Request for Summary Judgment" ("Motion for Leave to Amend").[2] Pelican State Credit Union ("Defendant") opposes both Motions.[3] It is recommended that Plaintiff's Motion for Leave to Amend be granted to the extent it was filed in an attempt to cure the procedural defects in the Motion to Dismiss/Request for Summary Judgment. To the extent the Motions seek dismissal of Defendant's answer and counterclaim and/or summary judgment on the main demand, it is recommended that the Motions be denied without prejudice as premature to permit the parties to conduct some discovery in this case. Additionally, Plaintiff has failed to show that she is entitled to summary judgment on her claims in this case at this time.

### I.    BACKGROUND

Trenessia Johnson ("Plaintiff") filed her original Complaint in this Court against Defendant on September 30, 2024 on a standard complaint form.  On the form and attachments, Plaintiff

---

[1] R. Doc. 38. Documents in the court record are referenced as "R. Doc. ___."

[2] R. Doc. 46.

[3] R. Docs. 45, 50.

specifically references violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*.,[4] in connection with certain loans obtained from Defendant.[5]  In an amended complaint, filed on January 14, 2025, Plaintiff added references to claims under the Uniform Commercial Code ("UCC") and the Fair Credit Reporting Act ("FCRA"),[6] as well as the Fair Debt Collection Practices Act ("FDCPA").[7] Defendant answered both complaints.[8]  Defendant has also asserted a counterclaim seeking to recover amounts it claims Plaintiff still owes on the loans, with interest, as well as attorney's fees and costs.[9]

Through the Motions, Plaintiff seeks dismissal of Defendant's amended answer and counterclaim, as well as summary judgment on her claims. Plaintiff acknowledges through her Motion for Leave to Amend that her original Motion to Dismiss/Request for Summary Judgment did not comply with Federal Rule of Civil Procedure 56 and Local Civil Rule 56(b).[10] Defendant opposes the Motions.[11]

## II.     LAW AND ANALYSIS

### A.  Defendant's Amended Answer and Counterclaim Should Not Be Dismissed

Plaintiff seeks dismissal of Defendant's amended answer and counterclaim because Defendant has no first-hand knowledge of the facts and, therefore, cannot testify to the merit of

---

[4] *See, e.g.,* R. Doc. 1, pp. 3, 5.

[5] R. Doc. 1.

[6] R. Doc. 28, pp. 1, 8.

[7] R. Doc. 28, p. 10.

[8] R. Docs. 25, 34, 35. Because Defendant did not timely file responsive pleadings after obtaining an extension of time to do so, this Court struck Defendant's original Answer on its own motion but permitted Defendant to seek leave to file the Answer, addressing the failure to timely file it. Because Plaintiff did not timely oppose Defendant's motion for leave, that motion was considered unopposed, and Defendant was permitted to file its answer to Plaintiff's original complaint out of time.  *See* R. Docs. 18, 24.

[9] R. Doc. 34, pp. 5-8.

[10] R. Doc. 46, p. 1.

[11] R. Docs. 45, 50.

Plaintiff's allegations.[12] In response, Defendant notes that Federal Rule of Civil Procedure 8(b)(5) specifically allows a party to deny allegations on the basis that the party lacks knowledge or information sufficient to form a belief about the truth of the allegation and that such a statement has the effect of a denial.[13] Because little discovery has been conducted in this case, Defendant represents that it is without sufficient information to admit or deny many of Plaintiff's allegations this case, which is not a basis for dismissal of the answer.

Defendant is correct that Rule 8(b)(5) of the Federal Rules of Civil Procedure specifically allows a defendant to state that it lacks knowledge or information sufficient to form a belief about the truth of an allegation in the complaint. This is not a basis to dismiss Defendant's Answer, and Plaintiff's request for that relief should be denied.[14]

### B. Plaintiff's Motion for Summary Judgment is Premature and Plaintiff Has Not Established That Summary Judgment in Her Favor is Proper

Plaintiff also seeks summary judgment. Federal Rule of Civil Procedure 56(b) permits a party to file a motion for summary judgment at any time until 30 days after the close of all discovery, unless the court sets a different time; however, summary judgment is only appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] In response to Plaintiff's request for summary judgment, Defendant first argues that this case is in the early stages and that summary judgment should be denied because it "has not had the opportunity to take Plaintiff's deposition to obtain summary judgment evidence of its own to dispute the assertions Plaintiff makes."[16]

---

[12] R. Doc. 38, p. 1; R. Doc. 46-1, p. 2.

[13] R. Doc. 50, p. 4.

[14] Plaintiff makes no independent argument for dismissal of Defendant's counterclaim so that relief should also be denied.

[15] Fed. R. Civ. P. 56(a).

[16] R. Doc. 50, p. 3.

Under Federal Rule of Civil Procedure 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely. *See, e.g., Union City Barge Line v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir.1987). It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party. *Id.*"[17] "Given the precautionary nature of the rule, these requests are ordinarily treated and reviewed liberally. Technical, rigid scrutiny of a Rule [56(d)] motion is inappropriate."[18] "[Rule 56(d)] motions are broadly favored and should be liberally granted."[19] Further, although Defendant did not file an affidavit or declaration in support, its opposition may be considered an equivalent statement in writing that is permissible to raise the need for discovery under Rule 56(d).[20]

On or about July 23, 2025, Plaintiff filed an "Emergency Motion to Stay Deposition Set for July 24, 2025."[21] On August 15, 2025, Defendant filed its Motion to Compel Plaintiff's Appearance at Deposition and for Sanctions.[22] Therefore, it appears from the docket that Plaintiff still has not been deposed in this case. Additionally, Defendant filed a List of Uncontested Material

---

[17] *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011).

[18] *Id.*, citing *Union City Barge Line*, 823 F.2d at 136.

[19] *Id.*, citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

[20] *Id.* at *3, citing *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir.1986) ((addressing former Rule 56(f). But "[w]hile a party's failure to comply with Rule 56([d]) procedure does not preclude consideration of the motion, some equivalent statement, preferably in writing or at least at the hearing of the motion, is expected … *see Arters v. Univision Radio Broad. TX, L.P.*, 2009 WL 1313285, at *8 n. 19 (N.D. Tex. May 12, 2009) (applying this precedent to hold that plaintiff identified genuine issue of material fact that justified continuance, where such justification was given in the brief and not in an affidavit)").

[21] R. Doc. 61.

[22] R. Doc. 67.

Facts and Response to Plaintiff's Statement of Material Facts,[23] which, among other things, challenges that the evidence submitted with Plaintiff's Motion for Summary Judgment is inadmissible on summary judgment. For example, Defendants notes that the documents Plaintiff attaches are not authenticated as required under Federal Rule of Evidence 901. Before 2010, unauthenticated documents could not be used to support summary judgment, but that is no longer the proper legal standard. Instead, "Rule 56(c) provides that 'documents in inadmissible form may be considered as competent summary judgment evidence if the proponent demonstrates the document could be put into admissible form for trial.' … Today, the rule provides that, 'when a party fails to offer evidence in admissible form at the summary judgment stage, the opposing party may object by stating the evidence 'cannot be presented in a form that would be admissible in evidence.'"[24] Defendant does not argue with regard to the documents attached to Plaintiff's motion for summary judgment that they cannot be presented in an admissible form; however, Defendant's prematurity argument has merit and Defendant has also timely opposed the Plaintiff's Motion for Summary Judgment raising issues of material fact and law that preclude summary judgment in Plaintiff's favor at this time.[25]

Plaintiff's Motion for Summary Judgment and attached evidence do not clearly establish an undisputed basis for relief under the statutes Plaintiff claims Defendant violated. For example, Plaintiff's Statement of Undisputed Material Facts says, "Defendant failed to disclose material terms related to the financing structure of these transactions, including the source of credit funds. (Exhibit A – Truth in Lending Disclosures highlighted on page 1 of the Loan agreement for the

---

[23] R. Doc. 50-1.

[24] *Hernandez v. Allstate Vehicle & Prop. Ins. Co.*, No. 24-86, 2025 WL 1485872, at *4 (S.D. Tex. Apr. 22, 2025) (citations omitted).

[25] R. Docs. 45, 50.

vehicle and the Loan Agreement for the Consolidation loan),"[26] but this Exhibit is not attached to Plaintiff's Statement of Undisputed Material Facts, nor does Plaintiff provide a citation to this document elsewhere in the Court record. Additionally, some information appears contradicted by the information attached to Plaintiff's Motion for Summary Judgment. For example, Plaintiff's Statement of Undisputed Material Facts says, "Plaintiff made timely payments under the belief that Defendant had extended new credit, whereas Defendant failed to legally establish itself as a creditor. (Exhibit B – Transaction History)."[27] Again, there is no "Exhibit B" attached to Plaintiff's Motion for Summary Judgment, nor is there a citation to this document in the Court record.  To the extent Plaintiff is referring to the transaction history that is attached as Exhibit D to her Motion for Summary Judgment, that document, while unauthenticated, also appears to show that she did not timely make payments in contradiction of the representation in her Statement of Undisputed Material Facts.[28] Additionally, Defendant maintains that the Loan Agreements contain all the necessary disclosures required under TILA.[29]

Regarding her FDCPA claim, Plaintiff's Statement of Undisputed Material Facts states, "Plaintiff was subjected to unfair debt collection practices, including multiple harassing phone calls, threats of repossession, stalking her home, and third-party contacts in violation of the Fair Debt Collection Practices Act (FDCPA). Exhibit E 1&2 – Voice/text, photo of repo man)."[30] The FDCPA, 15 U.S.C. § 1692 *et seq.*, prohibits a debt collector, defined as "any person who uses any

---

[26] R. Doc. 46-2, p. 1.

[27] R. Doc. 46-2, p. 1.

[28] *See, e.g.*, R. Doc. 46-3, pp. 8-11 (showing "loan advance late fees").

[29] R. Doc. 50-1, p. 3, citing R. Docs. 28-1 and 28-3. To the extent Plaintiff brings separate claims for breach of contract and/or fraudulent misrepresentation, those claims are based on the same facts as her TILA claims as she alleges Defendant failed to disclose material facts and misrepresented the funding source for the loans. R. Doc. 46-1, p. 3; R. Doc. 46-2, p. 2. The disputed facts precluding summary judgment on Plaintiff's TILA claim also preclude summary judgment on Plaintiff's breach of contract and fraudulent misrepresentation claims as there is a dispute about whether the necessary disclosures were made.

[30] R. Doc. 46-2, p. 2.

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another,"[31] from using any false or misleading representations or unfair practices[32] (among other prohibitions) in connection with collecting or attempting to collect debt from a consumer.[33] In order to prevail in a civil action brought under the FDCPA, the plaintiff must prove the following: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[34] Plaintiff's Motion for Summary Judgment and attached evidence, even to the extent considered, do not establish her entitlement to summary judgment on her FDCPA claim. Her affidavit states that she received calls from a third party who obtained her personal information from Defendant and that she believes the repossession of her vehicle was improper because Defendant did not have a lawful interest in the car.[35] In its Response to Plaintiff's Statement of Material Facts, Defendant

---

[31] 15 U.S.C. § 1692a(6). This definition contains several exceptions. *See* 15 U.S.C. § 1692a(6)(A)-(F).

[32] *See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt … the following conduct is a violation of this section: … (2) The false representation of – (A) the character, amount, or legal status of any debt; … (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed; … (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…"). *See also* 15 U.S.C. § 1692f ("A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…").

[33] 15 U.S.C. § 1692a(3) (defining "consumer" as any natural person obligated or allegedly obligated to pay any debt) and 15 U.S.C. § 1692a(5) (defining "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment).

[34] *McCoy v. SC Tiger Manor, LLC,* No. 19-723, 2022 WL 6845990, at *4 (M.D. La. Sept. 23, 2022), report and recommendation adopted, No. 19-723, 2022 WL 6785738 (M.D. La. Oct. 11, 2022), citing *Sibley v. Firstcollect, Inc.,* 913 F. Supp. 469, 471 (M.D. La. 1995). *See also* 128 Am. Jur. Trials 243 *and see Jackson v. Bank of Am., N.A.*, No. 15-346, 2017 WL 1173933, at *2 (M.D. La. Mar. 28, 2017) ("In order to state a claim under the FDCPA, Jackson must allege that '(1) he has been the object of collection activity arising from consumer debt, (2) the defendant is a 'debt collector' as defined by the Act, and (3) the defendant has engaged in an act or omission prohibited by the Act.'"). The FDCPA's prohibitions involve the following: (1) the time and manner of collection activity; (2) direct communication with consumers; (3) engaging in conduct resulting in harassment or abuse; (4) the use of false, deceptive, misleading representations and/or threats to take unavailable or unintended actions; and (5) the use of unfair or unconscionable means. 15 U.S.C. § 1692c-§1692f.

[35] R. Doc. 46-2, p. 2; R. Doc. 46-7, p. 1.

states that it has a valid security interest in the vehicle based on loan agreements entered into between Plaintiff and Defendant, one of which specifically lists a vehicle as security for the loan.[36] Therefore, disputed facts preclude summary judgment and the evidence does not establish as a matter of law that Defendant is a debt collector or engaged in the actions about which Plaintiff complains.

Finally, with regard to Plaintiff's FCRA claims, the FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.[37] The FCRA applies to Credit Reporting Agencies ("CRAs") and furnishers of information to CRAs.[38] "To recover on a claim against a furnisher of credit information (such as Defendant) to a CRA, Plaintiff must prove four elements: (1) the furnisher provided inaccurate credit information about Plaintiff to a CRA; (2) Plaintiff notified a CRA that this information in his or her credit report was inaccurate; (3) the CRA notified the furnisher of the dispute; and (4) after receiving this notice, the furnisher failed to conduct a reasonable investigation and provide notice to the CRA to correct the reporting errors."[39] Plaintiff's Motion for Summary Judgment and attachments do not establish that she is entitled to relief as a matter of law as to her FCRA claims. She does not provide evidence as to what CRA(s) she notified that information allegedly supplied by Defendant was inaccurate or when, nor does she provide evidence that any CRA(s) notified Defendant, who then failed to conduct a reasonable investigation and provide notice to the CRA(s) to correct the reporting errors. To the contrary, the exhibits attached to Plaintiff's Motion

---

[36] R. Doc. 50-1, p. 4, citing R. Docs. 28-1 and 28-3.

[37] 15 U.S.C. § 1681, *et seq.*

[38] *McCoy,* 2022 WL 6845990, at *5 ("Although the FRCA primarily regulates the actions of consumer reporting agencies, Section 1681s-2 imposes responsibilities on furnishers of information to consumer reporting agencies. 15 U.S.C. § 1681s-2; *Shaunfield v. Experian Information Solutions, Inc.,* 991 F.Supp.2d 786, 794 (N.D. Tex. 2014).").

[39] *Schoch v. Wells Fargo Home Mortg.,* No. 16-619, 2017 WL 2385626, at *4 (E.D. Tex. Apr. 11, 2017), report and recommendation adopted, No. 16-619, 2017 WL 2312079 (E.D. Tex. May 26, 2017), citing *Donnelly v. JPMorgan Chase, NA,* No. 13-1376, 2014 WL 429246, at *5 (S.D. Tex. Feb. 4, 2014) (listing elements).

for Summary Judgment state that the accounts were not disputed.[40]

The proper resolution of these issues is to deny Plaintiff's Motion for Summary Judgment at this time to allow the parties to engage in additional discovery to determine the basis for Plaintiff's claims in this case.

### C. Certain Other Related Documents/Motions Will Be Denied/Stricken

After the Motions were fully briefed, Defendant filed its own Motion for Partial Summary Judgment.[41] That same date, Defendant filed an Amended Response to Plaintiff's Statement of Material Facts[42] ("Amended Response") without leave of court. Plaintiff then filed a Motion to Strike Defendant's Amended Response to Plaintiff's Statement of Material Facts.[43] Defendant opposes Plaintiff's Motion to Strike.[44]

Defendant's Amended Response to Plaintiff's Statement of Material Facts[45] will be stricken on the Court's own motion for failure to seek leave and because it is not necessary to consider the Amended Response in resolution of Plaintiff's Motions.[46] Because the Amended Response is stricken on the Court's own motion, Plaintiff's Motion to Strike[47] will be denied as moot; however, the Clerk of Court will be instructed to docket the Memandarum [sic] in Opposition to Defendant's Motion for Partial Summary Judgment,[48] with attached exhibits as Plaintiff's opposition to Defendant Pelican State Credit Union's Motion for Partial Summary

---

[40] R. Doc. 46-6, pp. 1, 4, 6.

[41] R. Doc. 51.

[42] R. Doc. 52.

[43] R. Doc. 53.

[44] R. Doc. 54.

[45] R. Doc. 52.

[46] Defendant argues that Fed. R. Civ. Proc. Rule 15 permits the filing of the Amended Response (R. Doc. 54, p. 1), but Rule 15 applies pleadings. Fed. R. Civ. Proc. 7 lists the documents that constitute pleadings. The Amended Response is not a pleading under Rule 7, so Rule 15 does not permit its filing.

[47] R. Doc. 53.

[48] R. Doc. 53-1.

Judgment.[49]

### III.  RECOMMENDATIONS AND ORDER

Accordingly,

**IT IS RECOMMENDED** that the "Motion to Leave and Amend Motion to Dismiss Amended Answer/Counterclaim/and Request for Summary Judgment,"[50] filed by Plaintiff Trenessia Johnson, be **GRANTED** to the extent it was filed in an attempt to cure the procedural defects in Plaintiff's "Motion to Dismiss Amended Answer, Counterclaim, and Request for Summary Judgment."[51]

**IT IS FURTHER RECOMMENDED** that Plaintiff's "Motion to Dismiss Amended Answer, Counterclaim, and Request for Summary Judgment,"[52] and "Motion to Leave and Amend Motion to Dismiss Amended Answer/Counterclaim/and Request for Summary Judgment,"[53] otherwise be **DENIED WITHOUT PREJUDICE AS PREMATURE** to allow the parties an opportunity to engage in discovery in this case and because Plaintiff has not shown entitlement to relief.

**IT IS FURTHER RECOMMENDED** that the "Amended Response to Plaintiff's Statement of Material Facts,"[54] filed by Defendant Pelican State Credit Union, be **STRICKEN FROM THE RECORD** on the Court's own motion for failure to seek leave and because it is not necessary to consider the Amended Response in resolution of Plaintiff's Motions. Because the Amended Response is stricken on the Court's own motion, Plaintiff's "Motion to Strike

---

[49] R. Doc. 51.

[50] R. Doc. 46.

[51] R. Doc. 38.

[52] R. Doc. 38.

[53] R. Doc. 46.

[54] R. Doc. 52.

Defendant's Amended Response to Plaintiff's Statement of Material Facts"[55] will be **DENIED AS MOOT**; however, the Clerk of Court shall docket the "Memandarum [sic] in Opposition to Defendant's Motion for Partial Summary Judgment,"[56] with attached exhibits [53-2 through 53-10], as Plaintiff's opposition to Defendant Pelican State Credit Union's "Motion for Partial Summary Judgment."[57]

**IT IS ORDERED** that the Clerk of Court shall transmit this Magistrate Judge's Report, Recommendation, and Order to Plaintiff Trenessia Johnson by regular mail and by certified mail, return receipt requested, to the address listed on PACER.

Signed in Baton Rouge, Louisiana, on August 21, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[55] R. Doc. 53.

[56] R. Doc. 53-1.

[57] R. Doc. 51.