**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **TRENESSIA JOHNSON** | **CIVIL ACTION NO.** |
| **VERSUS** | **24-809-BAJ-EWD** |
| **PELICAN STATE CREDIT UNION** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 12, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRENESSIA JOHNSON                                         CIVIL ACTION NO.

VERSUS                                                             24-809-BAJ-EWD

PELICAN STATE CREDIT UNION

### MAGISTRATE JUDGE'S REPORT, RECOMMENDATION, AND ORDER

Before the Court is the Motion for Partial Summary Judgment (the "Motion"),[1] filed by Pelican State Credit Union ("Defendant"), which is opposed by Trenessia Johnson ("Plaintiff").[2] Plaintiff also filed a "Motion for Leave to file Sur-reply"[3] and a "Motion for Leave to File Supplemental Opposition to Defendant's Motion for Partial Summary Judgment"[4] (together, the "Motions for Leave"). So that the Court may fully consider Plaintiff's arguments as an unrepresented party, the Motions for Leave will be granted. Because Plaintiff's Truth in Lending Act ("TILA") claims are time-barred and she has not established entitlement to equitable tolling, it is recommended that Defendant's Motion be granted, dismissing Plaintiff's TILA claims in this case with prejudice.

**I.   BACKGROUND**

Plaintiff filed her original Complaint against Defendant on September 30, 2024 on a standard complaint form. On the form and attachments, Plaintiff specifically references TILA, 15

---

[1] R. Doc. 51 and *see* R. Doc. 55 (reply memorandum). Documents in the Court record are referred to as "R. Doc. __."
[2] R. Doc. 78.
[3] R. Doc. 58.
[4] R. Doc. 71.

Certified mail #  9589 0710 5270 1607 9422 26

U.S.C. § 1601, *et seq.*,[5] in connection with certain loans obtained from Defendant.[6] In an amended complaint, filed on January 14, 2025, Plaintiff added references to claims under the Uniform Commercial Code ("UCC") and the Fair Credit Reporting Act ("FCRA"),[7] as well as the Fair Debt Collection Practices Act ("FDCPA").[8] Defendant answered both complaints.[9] Defendant has also asserted a counterclaim seeking to recover amounts it claims Plaintiff still owes, with interest, as well as attorney's fees and costs.[10]

Through the Motion, Defendant seeks dismissal of Plaintiff's TILA claims because they are time-barred.[11] The parties agree on the following relevant facts. Plaintiff first applied for, was approved for, and signed a loan agreement with Pelican State Credit Union on November 1, 2022.[12] On November 1, 2022 Plaintiff also applied for, was approved for, and signed a credit card application and initialed mandatory disclosures.[13] On March 27, 2023, Plaintiff, after applying for and being approved for a purported loan from Defendant to purchase a 2021 GMC Yukon, signed

---

[5] *See, e.g.,* R. Doc. 1, pp. 3, 5.

[6] R. Doc. 1.

[7] R. Doc. 28, pp. 1, 8.

[8] R. Doc. 28, p. 10.

[9] R. Docs. 25, 34, 35. Because Defendant did not timely file responsive pleadings after obtaining an extension of time to do so, this Court struck Defendant's original Answer on its own motion but permitted Defendant to seek leave to file the Answer, addressing the failure to timely file it. Because Plaintiff did not timely oppose Defendant's motion for leave, that motion was considered unopposed, and Defendant was permitted to file its Answer to Plaintiff's original Complaint out of time. *See* R. Docs. 18, 24, 25.

[10] R. Doc. 34, pp. 5-8.

[11] R. Doc. 51.

[12] R. Doc. 51-2, ¶ 2; R. Doc. 78-1, ¶ 2. Plaintiff disputes the nature of the agreement and whether the proper disclosures were made but agrees that the Loan and Security Agreements and Disclosure Statement were signed on November 1, 2022. Both parties attach the Loan and Security Agreements and Disclosure Statement to their briefs. *See* R. Doc. 51-4 and R. Doc. 78-3.

[13] R. Doc. 51-2, ¶¶ 3-4; R. Doc. 78-1, ¶¶ 3-4; Though Plaintiff disputes the amount of credit she initially applied for, she admits to executing the paperwork. The credit card application is attached to Defendant's Motion. R. Doc. 51-5.

the Loan and Security Agreements for the 2021 GMC Yukon.[14] Plaintiff filed this lawsuit on September 30, 2024.[15]

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.[16] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[17] If the moving party carries that burden of proof under Federal Rule of Civil Procedure 56, the opposing party must point to specific evidence in the record which shows that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.[18] Summary judgment must be entered against a party who fails to make a showing necessary to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.[19]

In resolving a motion for summary judgment, the court must review the facts and inferences in the light most favorable to the non-moving party, and may not evaluate the credibility of

---

[14] R. Doc. 51-2, ¶¶ 5-6; R. Doc. 78-1, ¶¶ 5-6. Plaintiff admits that she signed the March 27, 2023 Loan and Security Agreements and Disclosure Statement but denies the validity of the agreement due to fraud and lack of proper disclosures. Both parties attach the Loan and Security Agreements and Disclosure Statement to their briefs. *See* R. Doc. 51-6; R. Doc. 78-4.

[15] R. Doc. 1.

[16] Federal Rule of Civil Procedure 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[17] *Celotex Corp.*, 477 U.S. at 323.

[18] *Anderson*, 477 U.S. at 248.

[19] *Celotex Corp.*, 477 U.S. at 323.

witnesses, weigh the evidence, or resolve material factual disputes.[20] "If a plaintiff is proceeding *pro se*, [t]he district court does not have a duty to search the entire record to find evidence supporting the non-movant's opposition. Rather, the non-movant must identify specific evidence in the record, and [ ] articulate the precise manner in which that evidence support[s] [her] claim."[21]

### B. Defendant's Partial Summary Judgment Should Be Granted Dismissing Plaintiff's TILA Claims as Time-Barred

#### 1. Plaintiff Did Not File Suit for More Than a Year After the Alleged TILA Violations Occurred

"The purpose of the TILA is to protect the consumer from inaccurate and unfair credit practices, and 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'"[22] Congress also passed Regulation Z to help implement TILA.[23] These provisions combine to require that certain disclosures be made in credit transactions.[24] Under TILA, there is a private right of action for consumers to recover monetary damages when a creditor fails to provide the proper disclosures.[25] If a listed exception does not apply, as is the case here, claims under TILA must be brought within one year of the alleged violation.[26]

---

[20] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

[21] *McCoy v. SC Tiger Manor, LLC*, No. 19-723, 2022 WL 4492761, at *3 (M.D. La. Sept. 9, 2022), report and recommendation adopted, No. 19-723, 2022 WL 4490158 (M.D. La. Sept. 27, 2022) (cleaned up).

[22] *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 479 (5th Cir. 1995), citing 15 U.S.C. § 1601(a).

[23] *See* 12 C.F.R. § 226.1.

[24] *See* 15 U.S.C. § 1601 *et seq.*; *see also* 12 C.F.R. § 226.1, *et seq.*

[25] 15 U.S.C. § 1640(a).

[26] 15 U.S.C. § 1640(e). The exceptions generally involve claims related to residential mortgages and private education loans.

"Concluding a credit transaction without giving the required disclosures constitutes a TILA nondisclosure violation …. The credit transaction is consummated at the moment 'a contractual relationship is created between [a creditor and a customer]' .... As Judge Wisdom, sitting by designation, noted in *In re Smith*, 737 F.2d 1549, 1552 (11th Cir.1984): 'The violation "occurs" when the transaction is consummated. Nondisclosure is not a continuing violation for purposes of the statute of limitations.'"[27]

Defendant seeks dismissal of Plaintiff's TILA claims as time-barred.[28] In response, Plaintiff states that, due to fraudulent concealment, she is entitled to equitable tolling, which would suspend the limitations period applicable to her claims.[29]

The parties agree that Plaintiff's last transaction with Defendant was consummated on March 27, 2023.[30] This suit was not filed until 18 months later, on September 30, 2024.[31] Because Plaintiff failed to bring these claims within a year of when the last violation "occurred," there is no dispute that all Plaintiff's TILA claims are time-barred, unless Plaintiff can prove that equitable tolling extended the statute of limitations.

### 2. Plaintiff Has Not Shown Entitlement to Equitable Tolling

Plaintiff asserts that she is entitled to equitable tolling of the limitations period since Defendant failed to make the necessary disclosures under TILA and fraudulently misled Plaintiff

---

[27] *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986) (internal citations omitted).

[28] R. Doc. 51, p. 1.

[29] R. Doc. 58-1; R. Doc. 78, p. 4.

[30] As noted above, Plaintiff admits entering into three agreements with Defendant: (1) a November 1, 2022 loan agreement, (2) a November 1, 2022 credit card agreement, and (3) a March 27, 2023 auto loan. R. Doc. 51-2, ¶¶ 2-6; R. Doc. 78-1, ¶¶ 2-6. R. Doc. 51-1, p. 4; R. Doc. 51-6; R. Docs. 51-4 through 51-6; R. Docs. 78-3 through 78-4. *See also* R. Doc. 78-1, p. 3 (in response to Defendant's statement of material facts Plaintiff admits to signing the loan agreement on March 27, 2023, but denies that it was a lawful transaction).

[31] R. Doc. 1.

5

into believing she did not have a claim.[32] Plaintiff also argues that federal courts recognize that equitable tolling and fraudulent concealment can suspend the running of the statute of limitations in TILA cases.[33]

While this is partially true, the United States Fifth Circuit Court of Appeals ("Fifth Circuit"), which opinions this Court is bound to follow, has stated that "to clothe himself in the protective garb of the tolling doctrine, a plaintiff must show that the defendants concealed the reprobated conduct and *despite the exercise of due diligence, [s]he was unable to discover that conduct.*"[34] "While this standard requires reasonable diligence rather than maximum feasible diligence, a plaintiff's delay in filing her complaint must be due to some 'external obstacle to timely filing ... beyond [the plaintiff's] control,' not from self-inflicted delay."[35] Equitable tolling is a narrow exception that should be applied sparingly.[36] "The plaintiff must be actively misled

---

[32] R. Doc. 78, p. 4.

[33] R. Doc. 78, p. 4; R. Doc. 58-1, p. 2. Plaintiff also argues that there was no valid contract between the parties because fraud by Defendant rendered these transactions invalid. R. Doc. 78, p. 12 ("Because the agreements were void ab initio due to fraud in the inducement, lack of valid consideration, and failure to comply with the Truth in Lending Act, Plaintiff asserts that no enforceable obligations were created."); R. Doc. 78-1, ¶ 6. If this argument were correct, Plaintiff would have no TILA claims. *McLean v. Big Dog Grp. LLC*, No. 15-40, 2017 WL 11687290, at *1 (M.D. La. Feb. 21, 2017) (deGravelles, J.) ("A TILA violation requires consummation of a contract. *Moor v. Travelers Ins. Co.*, 784 F.2d 632, 633 (5th Cir. 1986); *Clark v. Troy and Nichols Inc.*, 864 F.2d 1261 (5th Cir. 1989). But Plaintiffs essentially allege in their complaints that the transactions at issue were never consummated because of the fraud perpetrated against them. (*See* Doc. 1 at 4.) Without consummation, the Plaintiffs can have no TILA claim. *See Bourgeois v. Haynes Const. Co.*, 728 F.2d 719, 720 (5th Cir. 1984)."). In other words, if Plaintiff's argument were correct, she would still be unable to assert TILA claims.

[34] *Moor*, 784 F.2d at 633 (emphasis added).

[35] *Jackson v. Standard Mortg. Corp.*, No. 18-927, 2019 WL 6769361, at *8 (W.D. La. Dec. 11, 2019), citing *Starns v. Andrews*, 524 F.3d 612, 618 (5th Cir. 2008) and *Menominee Indian Tribe of Wisconsin v. United States*, 136 S.Ct. 750, 755-756 (2016).

[36] *Id.* at *8, citing *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011); *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002).

by the defendant about the cause of action or prevented from asserting his or her rights in some extraordinary way."[37] The plaintiff has the burden of proving that equitable tolling applies.[38]

Plaintiff recognizes that, for equitable tolling to apply, she must show that Defendant misled her and that she exercised reasonable diligence to discover the misleading conduct.[39] Plaintiff cites *Postow v. OBA Federal Savings and Loan Association* to support her position that the one year limitations period may be tolled when Plaintiff, despite exercising diligence, is unable to discover the violation.[40] In *Postow*, the Court of Appeals for the D.C. Circuit held that the limitations period did not being to run until a disclosure was made at settlement.[41] The appellant accepted the appellee's loan commitment and remitted a "stand-by" fee in late September of 1972.[42] The settlement of the sale of the house along with the TILA disclosures were made on November 8, 1972.[43] Suit was filed on November 6, 1973, two days shy of a year from settlement on the loan.[44] The parties argued as to whether the limitation period ran from the signing of the initial agreement or upon settlement of the loan.[45] The district court held, and the appellate court

---

[37] *McLean,* No. 15-40, 2016 WL 3211514, at *6-7, citing *Ramirez*, 312 F.3d at 183.

[38] *Cummings v. Wells Fargo, N.A.*, No. 18-72, 2019 WL 180188, at *5 (N.D. Miss. Jan. 11, 2019) (noting that the plaintiff had failed to meet her burden of establishing equitable tolling), citing *Menominee Indian Tribe*, 577 U.S. at 256.

[39] *See* R. Doc. 78, p. 4. Plaintiff cites to "*Holmes v. Batesville Casket Co.*, 142 F.3d 271 (5th Cir. 1998)," but the citation leads to *Linkous v. United States*, 142 F.3d 271 (5th Cir. 1998) which does not stand for this proposition. The *Holmes* case cited by Plaintiff could not be located, but *see Moor*, 784 F.2d at 633, for an accurate description of the applicable law.

[40] R. Doc. 58-1, p. 2 and R. Doc. 78, p. 4; *Postow v. OBA Fed. Sav. & Loan Ass'n*, 627 F.2d 1370, 1379 (D.C. Cir. 1980).

[41] *Postow*, 627 F.2d at 1379-80.

[42] *Id.* at 1379.

[43] *Id.*

[44] *Id.*

[45] *Id.*

7

affirmed, that because the TILA disclosures were not made when the initial agreement was signed, the violation continued to occur until the TILA disclosures were made at settlement.[46]

*Postow* does not stand for the proposition that insufficient disclosures made at the time a final agreement is signed are a continuing violation. In *Postow,* no disclosures were made at the time of the initial agreement and there was a gap between the initial agreement and final settlement where disclosures were made. That is not an issue in this case. Additionally, *Postow* is from the D.C. Circuit, but the Fifth Circuit, which this Court must follow, has expressly held that non-disclosure is not a continuing violation for the purposes of tolling the limitations period on TILA claims.[47] Another division of this Court denied equitable tolling where the plaintiff did not act with diligence to discover the conduct underlying the TILA claim during the limitations period, rejecting the plaintiff's continuing violation argument.[48]

Even if the Court presumes that Defendant concealed the reprobated conduct, Plaintiff has failed to provide any evidence to show that she exercised any due diligence during the limitations period to toll the statute of limitations.[49] Courts have held that the failure to exercise diligence during the statute of limitations period prevents the application of equitable tolling.[50]

---

[46] *Id.* at 1379-80.

[47] *See Moor*, 784 F.2d at 633.

[48] *See Hibbs v. Wells Fargo Bank, N.A.*, No. 17-615, 2018 WL 3245050, at *5-6 (M.D. La. July 3, 2018) (recognizing that non-disclosure under TILA is not a continuing violation under Fifth Circuit precedent).

[49] One of Plaintiff's main arguments in opposition is that her claims have merit. *See e.g.*, R. Doc. 78, pp. 5-10. The merits of Plaintiff's claims do not have any role in the application of equitable tolling. Plaintiff still must provide evidence that the Defendant concealed the reprobated conduct and that she made a diligent effort to discover that conduct during the limitations period to be entitled to tolling. *See Moor*, 784 F.2d at 633.

[50] *See McLean v. Big Dog Grp. LLC*, 2017 WL 11687290, at *1-2 (holding that the doctrine of equitable tolling did not bar dismissal of the plaintiff's TILA claims because, even if the plaintiff alleged that the defendants concealed the reprobated conduct, the evidence submitted in support of equitable tolling did not show due diligence where the documents submitted post-dated the filing of the complaint or showed actions taken more than a year after the alleged violation); *see also Grimes v. Santander Consumer USA*, No. 22-1933, 2023 WL 5022276, at *4-5 (N.D. Tex. July 13, 2023), report and recommendation adopted, No. 22-1933, 2023 WL 5021786 (N.D. Tex. Aug. 5, 2023) (noting that the plaintiff's reliance on events after the statute of limitations expired did not warrant the application of equitable tolling).

Plaintiff states that she raised concerns about the auto loan contract in July of 2024 and filed a complaint through the Louisiana Office of Financial Institutions in August of 2024.[51] Defendant argues in reply that the evidence Plaintiff submitted regarding diligent efforts was after the statute of limitations expired.[52] Plaintiff stated on surreply that she did not learn of "the inconsistencies between what was disclosed and what federal law requires" or that she had been misled until after engaging in further research and communication with Pelican in mid-2024.[53] The evidence submitted by the parties shows that Plaintiff did not undertake any diligent effort to discover the alleged TILA violations during applicable limitations period, which expired in March of 2024. Particularly, the statements by both parties and evidence that Plaintiff contacted Defendant in July of 2024 and the Louisiana Office of Financial Institutions in August of 2024 show that Plaintiff did not make any effort to discover any violations until after the limitations period expired. There is no evidence in the record that Defendant did or failed to do anything between March 27, 2023, the date of the last loan transaction, and mid-July 2024 when Plaintiff first started questioning the transactions. Plaintiff has not shown that anything prevented her from comparing the disclosures made in the agreements with Defendant to the requirements of TILA

---

[51] R. Doc. 28, p. 2 ("The Plaintiff reached out to the Defendant on or around July 8, 2024, after gaining knowledge of Constitutional Rights, Rights as a Consumer under TILA, and Contract Law to explain that there was fraudulent misrepresentation found in the contract, that the Elements of a Contract weren't met, and about unfair and deceptive practices."); R. Doc. 58-1, p. 2 ("Plaintiff did not discover that she had been misled until engaging in further research and communication with Pelican in mid-2024. Upon learning of the inconsistencies between what was disclosed and what federal law requires, Plaintiff promptly submitted a claim through Louisiana Office of Financial Institution (OFI) requesting clarification and supporting documents"); R. Doc. 78, p. 3 ("Plaintiff raised concerns about the Auto loan contract around July 2024 and filed a complaint through the Louisiana Office of Financial Institutions in August 2024 after no success talking to the Defendant.").

[52] R. Doc. 55, pp. 2-3.

[53] R. Doc. 58-1, p. 2.

before the expiration of the limitations period and she certainly has not shown that any actions by Defendant during the applicable period prevented her from doing so.[54]

Nor does Plaintiff's reliance on the alleged statement by Defendant's compliance officer, Payne Trichell, save her TILA claims.[55] Trichell's statements were made on August 19, 2024, also more than a year after March 27, 2023 when the last alleged violation occurred.[56] Evidence of her contact with Defendant after the statute of limitations expired is not persuasive as equitable tolling operates to suspend the limitations period and Plaintiff took no action to discover the alleged violations during that period.[57]

Plaintiff failed to exercise diligence during the applicable period in determining whether a TILA violation occurred. To the contrary, the evidence submitted shows that Plaintiff took no steps

---

[54] *See Melancon v. Countrywide Bank*, No. 10-1723, 2011 WL 692051, at *5 (E.D. La. Feb. 18, 2011), citing *Jackson v. Adcock*, 2004 WL 1900484, at *4 (E.D.La. 2006) (stating that the *Jackson* court dismissed the plaintiff's TILA claim for failing to file within the limitation period and noting that "[n]othing prevented [plaintiff] from comparing the loan documents and TILA's statutory and regulatory requirements"). Even if, as Plaintiff contends in her surreply, the "violations involved complex financial mischaracterizations not apparent on the face of the documents," nothing prevented her from comparing the disclosures to those required by TILA during the limitations period. R. Doc. 58-1, p. 3. Plaintiff also states that Defendants listed "an inaccurate finance charge and amount financed in violation of 15 U.S.C. 1605 and 1638," but provides no evidence that Defendant prevented her from discovering this inaccuracy within the limitations period. *Id.* at p. 1.

[55] Plaintiff contends that this is evidence of Defendant's efforts to conceal the truth. R. Doc. 78, pp. 4-5; R. Doc. 58-1, p. 2. Plaintiff also contends that producing transactions histories and checks during discovery instead of ledgers is fraudulent concealment. R. Doc. 71-2, p. 3. The ledgers and checks are subject to the same analysis as the statements by Payne Trichell as they were not only after the applicable tolling period, but after litigation began—too late to toll the limitations period applicable to her TILA claims.

[56] R. Doc. 78-5. Defendant argues in reply that Trichell's statement is merely a legal conclusion as to what parts of TILA apply to Plaintiff's potential claims. R. Doc. 55, p. 5. As Trichell's statement was not made within the limitations period, it is not necessary to address in this Report whether the statement rises to the level of fraudulent concealment. Similarly, Plaintiff also points to recent statements by defense counsel that allegedly fraudulent conceal funding sources of the loans at issue. *See* R. Docs. 71-2 and R. Doc. 71-10. However, these documents post-date even the filing of the litigation. Because Plaintiff's TILA claim was time-barred before the case was filed, any new representations could not form the basis for equitable tolling. *See McLean*, 2017 WL 11687290, at *1-2 (rejecting equitable tolling of TILA claim where the plaintiffs presented evidence of actions taken either more than a year after the credit transaction was consummated or after the filing of the lawsuit).

[57] In addition to the exhibits attached to her Opposition to Defendant's Motion for Partial Summary Judgment, Plaintiff attaches exhibits to her Supplemental Memorandum in Opposition to Defendant's Partial Summary Judgment which include an additional statement of material facts, transaction histories, checks, and email correspondence related to her agreements with Defendant. None of these documents show an effort by Plaintiff to discover any alleged TILA violations during the limitations period. *See* R. Doc. 71-3 through 71-10.

to discover any alleged misconduct until after her TILA claims expired in March of 2024. Once the limitations period expired, there was no period left to equitably toll, such that no action by Plaintiff or Defendant that occurred after that point had any effect. Regardless of the merit of Plaintiff's claims, she has not shown that she exercised diligence in discovering the alleged TILA violations. Because Plaintiff's TILA claims are time-barred and she is not entitled to equitable tolling, Defendant's Motion should be granted, and Plaintiff's TILA claims dismissed with prejudice.

Accordingly,

**IT IS RECOMMENDED** that the Motion for Partial Summary Judgment,[58] filed by Defendant Pelican State Credit Union, be **GRANTED** and that Plaintiff Trenessia Johnson's Truth in Lending Act ("TILA") claims in this case be **DISMISSED WITH PREJUDICE** as they are time-barred, and Plaintiff is not entitled to equitable tolling.

**IT IS ORDERED** that the "Motion for Leave to File Sur-reply"[59] and "Motion for Leave to File Supplemental Opposition to Defendant's Motion for Partial Summary Judgment,"[60] filed by Plaintiff Trenessia Johnson, are **GRANTED**, as Plaintiff is representing herself. The Clerk of Court shall docket "Plaintiff's Sur-reply in Opposition to Defendant's Reply Memorandum in Support of Partial Summary Judgment"[61] into the record of this matter. The Clerk of Court shall also docket "Plaintiff's Supplemental Memorandum in Opposition to Defendant's Partial Summary Judgment"[62] with attached exhibits at R. Doc. 71-3 through 71-10 into the record of this

---

[58] R. Doc. 51.

[59] R. Doc. 58.

[60] R. Doc. 71.

[61] R. Doc. 58-1.

[62] R. Doc. 71-2.

11

matter. Plaintiff's arguments and evidence submitted were considered in evaluating Defendant's Motion for Partial Summary Judgment.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Magistrate Judge's Report, Recommendation, and Order to Plaintiff Trenessia Johnson by regular mail and by certified mail, return receipt requested, to the address listed on PACER.

Signed in Baton Rouge, Louisiana, November 12, 2025.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**