UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRENESSIA JOHNSON                                          CIVIL ACTION

VERSUS

PELICAN STATE CREDIT UNION                     NO. 24-00809-BAJ-EWD

RULING AND ORDER

Before the Court is Defendant Pelican State Credit Union's **Motion for Partial Summary Judgment (Doc. 51)**. The Motion is opposed. (Doc. 78; Doc. 85; Doc. 86). Defendant filed a Reply Brief. (Doc. 55).

The Magistrate Judge issued a **Report And Recommendation (Doc. 80, the "Report")** recommending that the Court grant Defendant's Motion and dismiss Plaintiff's Truth in Lending Act ("TILA") claims as time-barred. (Doc. 80). In finding that Plaintiff's TILA claims are time barred, the Magistrate Judge also found that Plaintiff's TILA claims are not subject to equitable tolling. (*Id.* at 6).

Plaintiff objected to the Report, arguing that her TILA claims are subject to equitable tolling because she was unable to discover Defendant's misconduct due to Defendant's own wrongdoing, including its failure to "disclose the true nature of each transaction" and "self-concealing misconduct involving complex financial instruments, superior banking knowledge, and omissions uniquely within its possession." (Doc. 90 at 1, 8). Plaintiff alleges that she only discovered Defendant's alleged wrongdoing after "follow[ing] the trail of inconsistent information[,]"

*T. Johnson - Certified Mail # 9589 0710 5270 2540 7312 12*

beginning with her July 2024 inquiries. (*Id.* at 6–9).

Defendant responded to Plaintiff's objection, arguing that Plaintiff offers "nothing new," and that Plaintiff provides no reason why the Court should not adopt the Report. (Doc. 91 at 1–3). After reviewing the Motion at issue and related briefing, the Report, and Plaintiff's Objection thereto, the Court must agree.

The Magistrate Judge considered Plaintiff's equitable tolling arguments, and the facts underlying those arguments, when issuing the Report. The Magistrate Judge emphasized:

> Even if the Court presumes that Defendant concealed the reprobated conduct, Plaintiff has failed to provide any evidence to show that she exercised any due diligence during the limitations period to toll the statute of limitations. Courts have held that the failure to exercise diligence during the statute of limitations period prevents the application of equitable tolling.

(Doc. 80 at 9). The Magistrate Judge considered the fact that Plaintiff "raised concerns about the auto loan contract in July of 2024 and filed a complaint through the Louisiana Office of Financial Institutions in August of 2024" and found that "[t]here is no evidence in the record that Defendant did or failed to do anything between March 27, 2023, the date of the last loan transaction, and mid-July 2024 when Plaintiff first started questioning the transactions." (*Id.* at 10–11). The Magistrate Judge emphasized that "the evidence submitted shows that Plaintiff took no steps to discover any alleged misconduct until after her TILA claims expired in March of 2024." (*Id.* at 11–12). Thus, the Magistrate Judge concluded that Plaintiff's TILA claims are time barred and are not subject to equitable tolling. (*Id.* at 12).

Now, Plaintiff presents the same facts in her Objection. (*See generally* Doc. 91). As the Report made clear, Plaintiff bears the burden of proving equitable tolling. (Doc. 80 at 8); *see also Adams v. Southland Trace, LLC*, No. CV 07-869-BAJ-DLD, 2012 WL 12986191, at *4 (M.D. La. Feb. 29, 2012) (Jackson, J.) (citing *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000)). And the United States Court of Appeals for the Fifth Circuit has held that, "[e]quitable tolling is permissible only in 'rare and exceptional circumstances.'" *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *see also Adams*, 2012 WL 12986191, at *4. Here, Plaintiff offers no new facts indicating that this case presents a "rare and exceptional circumstance[]" in which equitable tolling should apply.

Having carefully considered Plaintiff's Complaint (Doc. 1), the underlying Motion (Doc. 51), related briefing (Doc. 55; Doc. 78; Doc. 85; Doc. 86), and the Magistrate Judge's Report (Doc 80), the Court **APPROVES** the Magistrate Judge's Report And Recommendation and **ADOPTS** it as the Court's opinion in this matter.

Accordingly,

**IT IS ORDERED** that Defendant Pelican State Credit Union's **Motion for Partial Summary Judgment (Doc. 51)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Truth in Lending Act ("TILA") claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Ruling and Order to Plaintiff Trenessia Johnson by regular mail and by certified mail, return receipt requested, to the address listed on PACER.

Baton Rouge, Louisiana, this 11th day of December, 2025

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**