**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**TRENESSIA JOHNSON** **CIVIL ACTION**

**VERSUS** **NO. 24-809-BAJ-EWD**

**PELICAN STATE CREDIT UNION**

**ORDER**

Before the Court is the Motion for Summary Judgment (the "Motion"),[1] filed by Pelican State Credit Union ("Defendant"). Trenessia Johnson ("Plaintiff") has substantively opposed the Motion,[2] and Defendant has filed a reply memorandum.[3] Accordingly, the Motion is fully briefed. However, the Declaration of Payne Trichell (the "Declaration"),[4] Compliance Officer for Defendant, that attaches and attests to the validity of certain evidence in support of the Motion is not currently in proper form. Therefore, Defendant will be required to substitute the Declaration with competent evidence.

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, so that the moving party is entitled to judgment as a matter of law.[5] A party moving for summary judgment must explain the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact.[6] "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part

[1] R. Doc. 110.

[2] R. Doc. 111.

[3] R. Doc. 113.

[4] R. Doc. 110-3.

[5] Federal Rule of Civil Procedure 56. *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Celotex Corp.*, 477 U.S. at 323.

of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"[7]

Here, Defendant has submitted the unsworn Declaration in support of its summary judgment motion. 28 U.S.C. § 1746 "permits unsworn declarations to substitute for an affiant's oath if the statement contained therein is made 'under penalty of perjury' and verified as 'true and correct.'"[8] § 1746 states as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: …
>
> **(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)"

The Declaration does not verify that the statements were made under penalty of perjury under the laws of the United States as required under 28 U.S.C. § 1746. As such, the Court cannot currently consider the unsworn Declaration in support of the Motion.[9]

---

[7] *Celotex*, 477 U.S. at 327, citing Fed. R. Civ. P. 1 (remaining citation omitted).

[8] *Keiland Constr., L.L.C. v. Weeks Marine, Inc.*, 109 F.4th 406, 418 (5th Cir. 2024), citing *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005) (quoting *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988)).

[9] *See Levens v. Gaspard*, No. 21-35, 2023 WL 2646430, at *2 (E.D. La. Mar. 27, 2023) (holding that "although a formal affidavit is not required as evidence on summary judgment, a written unsworn declaration must be in proper form as true under perjury to substitute for an affidavit. *Id.* Verdin does not declare that his statements are true and correct under penalty of perjury under the laws of the United States, and thus the court disregards his statement in ruling on the instant motion."); *see also Diamond Servs. Corp v. Cobbs Allen & Hall of Louisiana Inc.*, No. 20-101, 2020 WL 5877587, at *3 (W.D. La. July 14, 2020), report and recommendation adopted sub nom. *Diamond Servs. Corp v. Cobbs Allen & Hall of Louisiana Inc*, No. 20-101, 2020 WL 5876697 (W.D. La. Oct. 1, 2020) (stating "an affidavit can meet the criteria for 'unsworn affidavits' contained at 28 U.S.C. § 1746, but only if the person making the verification states that the declaration is made 'under penalty of perjury,' 28 U.S.C. § 1746. An affidavit that does not meet either of these requirements is inadmissible.").

However, since this appears to simply be a procedural oversight by Defendant and because Plaintiff did not challenge the Declaration on the basis that it was in improper form and has already substantively responded to the Motion, the Court will permit Defendant to substitute the Declaration with competent evidence so that the Motion may be fully considered.[10] Any substituted declaration may not alter the substantive facts alleged in the current Declaration and may only correct the procedural deficiency noted in this Order. As Plaintiff has already substantively responded to the allegations in the current Declaration, and as Defendant will not be permitted to alter the substantive facts alleged in the current Declaration, no additional briefing is necessary or will be permitted.[11] Accordingly,

**IT IS ORDERED** that, by no later than **October 9, 2026**, Defendant Pelican State Credit Union shall file a Motion to Substitute the Declaration of Payne Trichell[12] that was submitted in support of the Motion for Summary Judgment[13] in this case. Any substituted declaration may not alter the substantive facts alleged in the current Declaration and may only correct the procedural deficiency noted in this Order.

Signed in Baton Rouge, Louisiana, on October 5, 2026.

Erin Wilder-Doomes

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] *See e.g., Est. of Noble v. Bollin,* No. 23-716, 2025 WL 890458, at *6 (E.D. Tex. Mar. 21, 2025), quoting *Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ("In the Fifth Circuit, '[w]hen summary judgment is inappropriate because the supporting or opposing materials are improper, the district court has ample discretion to call upon the parties to remedy the defects, by submitting supplemental affidavits or otherwise.'"); *Mercato Elisio, LLC v. Deveney*, No. 15-563, 2016 WL 4181021, at *3 (E.D. La. Aug. 8, 2016) ("The Fifth Circuit has held that district courts have discretion to permit a party to cure defects in evidence supporting or opposing summary judgment"), citing *Stingley v. Den–Mar Inc.*, 347 Fed.Appx. 14, 20 (5th Cir. 2009) ("[T]he decision of whether to give parties the opportunity to remedy material presented for summary judgment is within the discretion of the district court.") and *Gordon*, 622 F.2d at 123.

[11] *See Mercato Elisio, LLC*, 2016 WL 4181021, at **3-4 (considering a subsequently filed affidavit attesting to the authenticity of certain exhibits attached to a motion for summary judgment and noting that plaintiff will not be given the chance to file an additional opposition memorandum because plaintiff "had the opportunity to, and did," respond to the substance of defendants' argument).

[12] R. Doc. 110-3.

[13] R. Doc. 110.