# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRENESSIA JOHNSON** **CIVIL ACTION**

**VERSUS**

**PELICAN STATE CREDIT UNION** **NO. 24-00809-BAJ-EWD**

## RULING AND ORDER

Before the Court is Defendant Pelican State Credit Union's **Motion for Summary Judgment (Doc. 110).** Plaintiff opposes the Motion. (Doc. 111). Defendant filed a Reply Brief. (Doc. 113).

The Magistrate Judge issued a Report and Recommendation, recommending that the Court grant Defendant's Motion. (Doc. 125 at 32). The Report also recommends that the Court:

(1) deny Plaintiff's request for additional discovery or deferral of a ruling on the Motion under Federal Rule of Civil Procedure 56(d);

(2) dismiss Plaintiff's remaining claims with prejudice;

(3) render judgment on Defendant's counterclaim in favor of Defendant because Plaintiff failed to fulfill her obligations to repay Defendant in compliance with the terms of the agreements at issue; and

(4) award Defendant damages associated with its counterclaim in the following amounts:

(a) $4,135.25 owed under the Loan Agreement;

T. Johnson via Cert. Mail No. 7018 0360 0001 1615 6643

(b) $57,190.29 owed under the Auto Loan Agreement;

(c) $3,182.41 owed under the Credit Card Agreement; and

(d) attorney's fees to be established by supporting evidence submitted within fourteen days of the issuance of this Ruling and Order.

(*Id.*).[1]

Plaintiff objects to the Report, asking the Court to allow limited discovery directed to the factual issue of whether a consumer reporting agency ("CRA") transmitted Plaintiff's dispute to Defendant and whether Defendant received or responded to that transmission. (Doc. 129 at 3). Plaintiff asks the Court to review the Report's finding that Plaintiff is not entitled to additional discovery *de novo*, asserting that she attempted to obtain the discovery at issue before the discovery deadline and previously advised the Court that she had not received it.[2] (*Id.* at 2).

---

[1] The Report describes the agreements as follows:

> Plaintiff signed a loan agreement with Pelican State Credit Union on November 1, 2022. (Doc. 110-2, ¶ 1; Doc. 111-1, ¶ 1) (the "Loan Agreement"). On November 1, 2022, Plaintiff also applied for, was approved for, and signed a credit card application with Pelican State Credit Union and initialed mandatory disclosures. (Doc. 110-2, ¶¶ 2-4; Doc. 111-1, ¶¶ 2-4) (the "Credit Card Agreement"). On March 27, 2023, Plaintiff, after applying for and being approved for a purported loan from Defendant to purchase a 2021 GMC Yukon, signed the Loan and Security Agreements for the 2021 GMC Yukon, which provides the 2021 GMC Yukon as collateral to secure the loan. (Doc. 110-2, ¶¶ 5-7; Doc. 111-1, ¶¶ 5-7) (the "Auto Loan Agreement").

(Doc. 125 at 4).

[2] Plaintiff relies on her Opposition Brief, which provides:

> Plaintiff submits a declaration explaining that material account-calculation documents were produced after discovery closed; that Defendant's witness was not available for questioning concerning those late-produced materials during

Defendant filed a Response to Plaintiff's Objection, arguing that the Report correctly notes that Plaintiff had ample time to obtain the discovery at issue and failed to do so. (Doc. 130 at 1). Defendant argues that "Plaintiff should not be allowed to rely on her failure to obtain necessary and critical evidence [] (which does not exist) after 18 months of litigation to delay the inevitable." (*Id.*).

In issuing the Report, the Magistrate Judge considered Plaintiff's request for additional discovery and emphasized:

> ***Plaintiff had ample time to seek discovery on whether the CRAs gave Defendant notice of the dispute and failed to do so.*** The Court's grant of relief under 56(d) is discretionary, as noted by the word "may." Plaintiff provides no reason why she was unable to obtain information regarding her CRA reporting dispute within the discovery period.

(Doc. 125 at 6 (emphasis added)).

Presiding over discovery matters, including motions to compel discovery, is within the province of the Magistrate Judge under 28 U.S.C. § 636 and Local Civil Rule 73(a)(1). The record reflects that Plaintiff filed multiple Motions to Compel Discovery in this case. (Doc. 59; Doc. 60; Doc. 99). The Magistrate Judge held

---

> the discovery period; that Plaintiff sought records concerning CRA disputes, balance calculations, and third-party collection activity; and that those issues are directly implicated by Defendant's Motion.

(Doc. 111 at 18). Plaintiff's Declaration (Doc. 111-3) provides:

> I am not submitting this declaration to delay the case. I submit it because Defendant seeks summary judgment based on records and facts I dispute, including materials produced after discovery closed and after Defendant's affiant was already deposed.

(Doc. 111-3 ¶ 18).

hearings on those Motions and issued detailed Orders ruling on same. (Doc. 81; Doc. 87; Doc. 104; Doc. 108). Plaintiff has offered no reason for the Court to decline to adopt the Report's finding that Plaintiff failed to seek the discovery at issue despite ample time to do so, particularly at this stage of the litigation—after Defendant's dispositive motion was fully briefed and after the Magistrate Judge issued an exhaustive 32-page Report regarding same. Because Plaintiff's request for additional discovery is the only argument she raises in her Objection to the Report, the Court will adopt the Report.

Having carefully considered the Motion at issue, the Report and responses thereto, the underlying Complaint, and related filings, and for the reasons described herein, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion herein.

Accordingly,

**IT IS ORDERED** that Defendant Pelican State Credit Union's **Motion for Summary Judgment (Doc. 110)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for additional discovery or deferral of a ruling on the Motion under Fed. R. Civ. P. 56(d) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's remaining claims are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Judgment is rendered in favor of Defendant Pelican State Credit Union on Defendant's counterclaim because Plaintiff failed to fulfill her obligations to repay Defendant in compliance with the terms of the

agreements, as described above.

**IT IS FURTHER ORDERED** that Defendant is awarded damages associated with its counterclaim as follows:

(1) damages on the Loan Agreement totaling $4,135.25;

(2) damages on the Auto Loan Agreement totaling $57,190.29;

(3) damages on the Credit Card Agreement totaling $3,182.41; and

(4) attorney's fees to be established by supporting evidence submitted within fourteen (14) days of the issuance of this Ruling and Order.

**IT IS FURTHER ORDERED** that Defendant shall submit briefing and evidence related to attorney's fees within fourteen days of the issuance of this Ruling and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Ruling and Order to Plaintiff Trenessia Johnson by regular mail and by certified mail, return receipt requested, to the address listed on PACER.

Baton Rouge, Louisiana, this 17th day of November, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**